David OSHER;  Matt Brody, Plaintiffs,

and

Marco Carnevale;  Andrew Tarcia; Westland Police & Fire Retirement System, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs–Appellants,

v.

JNI CORPORATION;  Terry Flanagan; Gloria Purdy;  Thomas K. Gregory; Charles McKnett;  Eric P. Wenaas; John Stiska, Defendants–Appellees.

No. 04–55625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Filed May 12, 2006.

Stuart L. Berman, Esq., Michael K. Yarnoff, Esq., Schiffrin & Craig, Ltd., Bala Cynwyd, PA, Spencer A. Burkholz, Esq., Stephanie Schroder, David A. Thorpe, Milberg Weiss Bershad Hynes & Lerach, William S. Lerach, Esq., Joseph D. Daley, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs/Plaintiffs–Appellants.

Robert W. Brownlie, Esq., Paul A. Reynolds, Esq., Gray Cary Ware and Freidenrich, LLP, San Diego, CA, for Defendants–Appellees.

Before:  REINHARDT and RAWLINSON, Circuit Judges, and FOGEL, District Judge.*

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of

MEMORANDUM **

Plaintiffs appeal the district court's dismissal of their third amended complaint without leave to amend and with prejudice for failure to state a claim upon which relief may be granted. Plaintiffs, who purport to represent all persons who purchased common stock in JNI Corporation ("JNI") between July 13, 2000 and March 28, 2001, allege that JNI and six of its officers and directors (collectively, "Defendants") made false or misleading statements to the market in violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b–5 promulgated thereunder. Plaintiffs also allege that three JNI officers and directors are liable under § 20(a) of the Exchange Act as controlling persons of JNI.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's dismissal of the third amended complaint, *see Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir.2002), and we review for abuse of discretion the district court's denial of leave to amend, *see In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir.2002).

The district court concluded that Plaintiffs' § 10(b) claim failed to meet the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104–67 (1995), and that Plaintiffs' § 20(a) claim could not survive absent a viable claim for primary liability. We agree with the district court's careful and well-reasoned decision on these points, and therefore affirm the dismissal of the third amended complaint.

The district court's denial of leave to amend presents a more difficult question.

Leave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by the PSLRA are so difficult to meet. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). The United States Supreme Court has articulated the applicable standard as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A district court's failure to consider the *Foman* factors and articulate why it has decided to deny leave to amend may constitute an abuse of discretion in and of itself. *Eminence*, 316 F.3d at 1052. Ultimately, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Id.*

In the instant case, the district court issued detailed orders dismissing Plaintiffs' first and second amended complaints with leave to amend. It then dismissed Plaintiffs' third amended complaint without leave to amend after concluding that Plaintiffs had failed to cure the specified pleading deficiencies. However, the district court did not discuss any of the *Foman* factors when it did so, stating only the following with respect to whether

---

California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Plaintiffs should be granted leave to amend:

> In its previous Order, the court cautioned Plaintiffs that they would receive no further opportunities to amend their pleadings. Accordingly, the TACC is DISMISSED WITH PREJUDICE.

Plaintiffs represent that they could amend their pleading to address at least some of the deficiencies noted by the district court. Because the district court did not make a finding under *Foman,* we vacate the judgment. On remand, the district court may permit Plaintiffs once again to amend their complaint or it may state with particularity its reasons for declining to do so.

The parties shall bear their own costs on appeal.

AFFIRMED in part, VACATED in part, and REMANDED.

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from that portion of the disposition vacating the district court's judgment and remanding for the district court to "permit Plaintiffs once again to amend their complaint (for the fourth time) or . . . state with particularity its reasons for declining to do so."

The presiding judge carefully and thoroughly not once, not twice, but three times sifted through the allegations made by the Plaintiffs. Each time, the judge explained at great length the deficiencies in the respective Complaint.

In its order dismissing the Second Amended Consolidated Complaint, the court warned the Plaintiffs that the third amendment would be their last. I do not read governing precedent as requiring a remand for the district court to state yet again that the Plaintiffs have failed "to cure deficiencies by amendments previously allowed." *Foman v. Davis,* 371 U.S.

178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In *Foman,* the United States Supreme Court held that leave to amend should be granted "[i]n the absence of any *apparent or declared reason*—such as . . . repeated failure to cure deficiencies by amendments previously allowed . . ." *Id.* (emphasis added).

The reason for the district court's denial of further opportunities to amend is apparent and dovetails with one of the examples delineated in *Foman*—repeated failure to cure deficiencies previously identified by the district court. *See id.*

*Foman* requires no formulaic recitation of factors. Rather if, as in this case, the reason for the denial is apparent, no abuse of discretion has occurred. *See id.* We are not required to speculate regarding the reason for the denial. The district court expressly stated its reason—Plaintiffs' repeated failure to cure identified deficiencies in the Complaint.

The majority disposition relies on Plaintiffs' representation that they could yet again amend their pleading "to address at least some of the deficiencies noted by the district court." However, in view of the fact that Plaintiffs have been unable to successfully plead their claims in four attempts, even in the face of a warning that no other opportunities would be provided, I am satisfied that the Plaintiffs cannot salvage their complaint. Indeed, at oral argument counsel for Plaintiffs conceded that they could provide no additional details regarding the analysts' predictions, which formed the basis for the allegations in the Complaints. This concession renders futile any further attempts to amend the Complaint. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003) (recognizing that dismissal with prejudice is appropriate where it is

clear "that the complaint could not be saved by amendment.") (citation omitted).

Because the district court's reasoning is apparent and is consistent with *Foman*, no abuse of discretion occurred. Rather than remanding this case, I would affirm the district court's denial of further leave to amend.